Filed 2/4/15  In re J.W. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re J.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.W.,<br><br>    Defendant and Appellant. | E061707<br><br>(Super.Ct.No. J255370)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Lynn M. Poncin, Judge.  Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A juvenile wardship petition was filed against defendant and appellant J.W. (minor), pursuant to Welfare and Institutions Code section 602.  The petition alleged

1

three counts: (1) criminal threats (Pen. Code, § 422); (2) battery (Pen. Code, §§ 242/243, subd. (a)); and (3) interference with a wireless communication device (Pen. Code, § 591.5). As to count 1, a juvenile court found true the lesser included offense of attempted criminal threats. (Pen. Code, §§ 664/422, subd. (a).) On minor's counsel's motion, the court reduced the count to a misdemeanor. The court also found true the allegations in counts 2 and 3, but subsequently dismissed those counts. The matter was transferred to San Bernardino County, where minor resided, for disposition. The juvenile court there considered the probation officer's disposition report. The court did not declare minor a ward, but placed him in the custody of his mother on terms of summary probation, pursuant to Welfare and Institutions Code section 725, subdivision (a).

Minor filed a timely notice of appeal. We affirm.

FACTUAL BACKGROUND

On May 24, 2014, minor, his two brothers, and his mother (mother) drove to the mall. After they left the mall, mother wanted to drop by her friend Pam's house, but minor did not want to go with them. Minor was complaining and cussing. Mother felt disrespected, so she pulled over at the Montclair Police Department parking lot and told minor she would get police assistance because he was being unruly. Minor calmed down, so mother drove to Pam's apartment. Once they arrived, mother asked minor to get out of the car, but he refused and began cussing at her again. Mother got out of the car and tried to open minor's door, but he locked it. Mother took out her cell phone, and minor suddenly opened the door and hit her in the leg. She told him she was going to call the

2

police, and he hit the phone out of her hand. Pam came outside, and mother asked if she could use her house phone. Minor told mother, "I'm going to kick your f---ing ass." Mother attempted to go up some stairs to Pam's apartment. The argument escalated, and minor said, "You're not gonna do that. You're not gonna go call the police."

At the jurisdiction hearing, when asked if she feared for her safety during the incident, mother just said she "prefer[red] non-confrontation." At another point, she said she was not afraid, and added that minor was "just a little more aggressive than [she] had seen him."

Mother's friend, Pam, testified at the hearing, as well. She said that one week prior to the incident, she went to mother's house and saw minor and mother arguing and wrestling on the ground.

## DISCUSSION

Minor appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether there was sufficient evidence of minor's intent to cause fear to support the court's true finding on count 1. Counsel has also requested this court to undertake a review of the entire record.

We offered minor an opportunity to file a personal supplemental brief, which he has not done.

3

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>HOLLENHORST</u>
Acting P. J.

We concur:

<u>KING</u>
          J.

<u>CODRINGTON</u>
          J.